Mark L. Javitch (CA SBN 323729)
JAVITCH LAW OFFICE
480 S. Ellsworth Ave
San Mateo, CA 94401
Telephone: (650) 781-8000
Facsimile: (650) 648-0705
mark@javitchlawoffice.com
*Attorney for Plaintiff
and the Putative Class*

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BETTY NORIEGA, individually, and on behalf of all others similarly situated,<br><br>   Plaintiff,<br><br>v.<br><br>DR ROSE MAGNO, DDS, an individual, d/b/a EMERYVILLE DENTAL CARE,<br><br>   Defendant. | Case No.: _____<br><br>**CLASS ACTION COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff BETTY NORIEGA, individually and on behalf of others similarly situated, bring this Class Action Complaint against Defendant DR. ROSE MAGNO D/B/A EMERYVILLE DENTAL CARE, ("Dr. Magno") and make the following allegations based on personal knowledge as to facts pertaining to her own experiences, and on information and belief as to all others:

## NATURE OF THE ACTION

1. Dr. Magno takes advantage of dental patients by obtaining personal loans in their names and wrongfully controlling their funds without adhering to fiduciary duties, disclosures or transparency.

2. Dr. Magno unilaterally debits Plaintiff's account *in advance* of providing services. She then performs inadequate dental services and cancels Plaintiff's appointments.

3. In the process of obtaining loans in Plaintiff's name, Dr. Magno did not attempt to make the lawfully required federal disclosures under the Truth in Lending Act.

4. Dr. Magno controlled the loan proceeds at all times and made unilateral charges to Plaintiff's account.

5. Plaintiff received no successful dental treatment, yet she is forced to pay monthly principal and interest to Lending Club.

6. Dr. Magno currently has a **One out of Five** Star Average Reviews on Yelp[1] based on eighty seven (87) reviews.

7. Plaintiff therefore seeks to represent a class of similarly situated victims to obtain actual, statutory, exemplary damages, restitution, an accounting, and an injunction requiring Defendant to stop violating federal and state consumer protection laws.

## PARTIES

8. Plaintiff BETTY NORIEGA ("Ms. Noriega") is a natural person residing in San Bruno, California.

---

[1] https://www.yelp.com/biz/emeryville-dental-care-emeryville-3

1
**CLASS ACTION COMPLAINT**

9. Defendant DR. ROSE MAGNO, DDS d/b/a EMERYVILLE DENTAL CARE ("Dr. Magno") is an individual residing in California and working at 6001 Shellmound St., Ste 125, in Emeryville, CA, 94608.

## JURISDICTION AND VENUE

10. This Court has original subject matter jurisdiction under 28 U.S.C. § 1331, as the action arises under 15 U.S.C. § 1640, the Truth in Lending Act, ("TILA"). Declaratory Relief is available pursuant to 28 U.S.C. § 2201 and 2202.

11. The Court has supplemental jurisdiction over Plaintiff's state and common law claims under 28 U.S.C. § 1367(a). They are so related to the claims in this action that they form part of the same case or controversy under Article III of the United States Constitution.

12. This Court has general personal jurisdiction over Dr. Magno because her principal place of business is located in Emeryville, California.

13. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(2) because Defendant's principal place of business is located in this District.

## INTRADISTRICT ASSIGNMENT

14. Pursuant to Civil L.R. 3-2(c), this case is properly assigned to the San Francisco / Oakland Division because a substantial part of the events or omissions that give rise to Plaintiff's and Class members' claims occurred in the County of Alameda, California.

## COMMON FACTUAL ALLEGATIONS

15. Dr. Magno wrongfully obtains loans for Plaintiff and the class without the proper disclosures. Dr. Magno deposits the "personal loan" directly into her own account despite it being the property of the loan applicant.

16. Dr. Magno wrongfully controls the amounts and fails to provide any accounting to Plaintiff and the putative class. Dr. Magno owes fiduciary duties to Plaintiff and the putative class while handling their loan proceeds but does not attempt to fulfill them.

17. Instead, Dr. Magno wrongfully converts the loan proceeds to her personal account through maintaining control over the funds and making improper entries on the billing statement of Plaintiff and the putative class.

**FACTS SPECIFIC TO MS. BETTY NORIEGA**

18. Plaintiff Betty Noriega sought dental treatment from Dr. Magno to build a new bridge.

19. Dr. Magno said she could make a bridge for Plaintiff and promised to do so to her satisfaction.

20. Plaintiff said she could not afford to pay for the entire treatment, so Dr. Magno "helped" her obtain a personal loan from Lending Club. Dr. Magno handled the loan application but informed Ms. Noriega about the results of the application.

21. Dr. Magno told Ms. Noriega that she would need a loan for $23,000, but that she did not qualify. However, Dr. Magno said Ms. Noriega was eligible to receive a loan for $14,000.

22. Plaintiff was not informed what the costs and interest rate would be.

23. But Ms. Noriega *never actually received* the funds from the personal loans.

24. Ms. Noriega noticed, contrary to what she agreed to, that there were *two separate loans* issued for $14,000 each, for a total of $28,000.

25. When Ms. Noriega complained about the discrepancy, one of the $14,000 loans was refunded.

26. The proceeds were sent directly to Dr. Magno, where Dr. Magno wrongly retained and administered them without providing any oversight to Ms. Noriega.

27. Dr. Magno told Plaintiff that she would be responsible for a finance fee of $716.06, but instead Dr. Magno added the charge to Ms. Noriega's dental statement on July 27, 2021. This was contrary to what had been disclosed.

28. Dr. Magno failed to perform her fiduciary duties. Dr. Magno failed to providing any accounting, or even adequate justification for the inexplicable charges she made on Ms. Noriega's dental billing statement.

29. Dr. Magno tried to perform dental work for Ms. Noriega, but it was inadequate and defective, and could not be used. Then Dr. Magno cancelled Ms. Noriega's appointments with her still owing $6,000.

30. On February 18, 2021, Dr. Magno tried to create a bridge for Ms. Noriega, but she could not get it to fit in Ms. Noriega's mouth.

31. Dr. Magno later asked if she could use Ms. Noreiga's existing bridge, contrary to what had been discussed.

32. Ms. Noriega was completely unable to use any of the "dental work" that Dr. Magno performed.

33. Dr. Magno then cancelled Ms. Noriega's pending appointments.

34. Ms. Noriega called Dr. Magno's office, but they put her on hold and transferred her to an answering service.

35. Ms. Noriega complained to Lending Club about Dr. Magno's practices, but Lending continues to charge Ms. Noriega's account monthly.

36. When Ms. Noriega complained further, through her attorney, Dr. Magno refunded approximately $8,000 to Lending Club, but without providing an accounting or a reason.

37. Despite receiving no solution to her dental problem, Ms. Noriega is forced to make regular monthly payments to Lending Club at 11.99% APR because she is worried that failing to make the payments will impact her credit.

## CLASS ALLEGATIONS

38. **Class Definition**: Plaintiff brings this action pursuant to Federal Rule of Civil Procedure 23(b)(2) and 23(b)(3) on behalf of Plaintiff and the Class defined as follows:

> **Improper Possession of Loan Proceeds Class**. All persons who were issued a personal loan where the proceeds were controlled by Dr. Magno.

39. The following people and entities are excluded from the Class: (1) any Judge or Magistrate presiding over this action and members of their families; (2) Defendant, Defendant's subsidiaries, parents, successors, predecessors, and any entity in which the Defendant or its parents have a controlling interest and its current or former employees, officers and directors; (3) persons and entities who properly execute and file a timely request for exclusion from the Class; (4) persons and entities whose claims in this matter have been finally adjudicated on the merits or otherwise released; (5) Plaintiff's counsel and Defendant's counsel; and (6) the legal representatives, successors, and assigns of any such excluded persons and entities.

40. Plaintiff reserves the ability to modify the definition of the proposed Class before the Court determines whether class certification is warranted.

41. The requirements of Federal Rules of Civil Procedure 23(a), 23(b)(2), and 23(b)(3) are met in this case.

42. The Fed. R. Civ. P. 23(a) elements of Numerosity, Commonality, Typicality, and Adequacy are all satisfied.

43. **Numerosity**: The exact number of members of the Class is unknown and not available to Plaintiff, but it is clear that individual joinder is impracticable. On information and belief, Defendant wrongfully obtained loan proceeds of forty (40) or more Class Members. Members of the Class can be identified through Defendant's records or by other means.

44. **Commonality:** Commonality requires that the Class members' claims depend upon a common contention such that determination of its truth or falsity will resolve an issue that is central to the validity of each claim in one stroke. Here, there is a common contention for all Class members to as to whether Dr. Magno wrongfully controlled their loan proceeds.

45. **Typicality**: Plaintiff's claims are typical of the claims of other Class members in that Plaintiff and the Class members sustained damages arising out of Defendant's uniform wrongful conduct in the form of Defendant wrongfully controlling Plaintiff's property.

46. **Adequate Representation**: Plaintiff will fairly and adequately represent and protect the interests of the Class members. Plaintiff's claims are made in a representative capacity on behalf of the Class members. Plaintiff has no interests antagonistic to the interests of the other members of the proposed Class and are subject to no unique defenses. Plaintiff has retained competent counsel to prosecute the case on behalf of Plaintiff and the proposed Class. Plaintiff and Plaintiff's counsel are committed to vigorously prosecuting this action on behalf of the Class members and have the financial resources to do so.

47. **This case also satisfies Fed. R. Civ. P. 23(b)(2) - Policies Generally Applicable to the Class**: This class action is appropriate for certification because Defendant has acted or refused to act on grounds generally applicable to the Class as a whole, thereby requiring the Court's imposition of uniform relief to ensure compatible standards of conduct toward the Class members and making final injunctive

relief appropriate with respect to the Class as a whole. Defendant's practices challenged herein apply to and affect the Class members uniformly, and Plaintiff's challenge to those practices hinge on Defendant's conduct with respect to the Class as a whole, not on facts or law applicable only to Plaintiff.

48.     **This case also satisfies Fed. R. Civ. P. 23(b)(3) - Predominance**: There are many questions of law and fact common to the claims of Plaintiff and the Class, and those questions predominate over any questions that may affect individual Class members. Common questions and/or issues for the Class include, but are not necessarily limited to the following:

    i. Whether the personal loan proceeds of Plaintiff and the Class were controlled by Dr. Magno;

    ii. Whether Dr. Magno suficciently made TILA disclosures to Plaintiff and the Class;

    iii. Whether Defendant's conduct constitutes prohibited conduct under the Truth in Lending Act, 15 U.S.C. § 1640, Cal. Civ. Code § 1770(a)(5), (7), (9) of the California Consumers Legal Remedies Act, Fraud, Conversion, Negligence, and Breach of Fiduciary Duty;

    iv. The method of calculation and extent of damages for Plaintiff and the Class members;

    v. Whether Plaintiff and the Class members are entitled to restitution and accounting and, if so, in what amount;

49.     **Superiority**: This case is also appropriate for class certification because class proceedings are superior to all other available methods for the fair and efficient adjudication of this controversy as joinder of all parties is impracticable. The damages suffered by individual Class members will likely be relatively small, especially given the burden and expense of individual prosecution of the complex litigation necessitated by Defendant's actions. Thus, it would be virtually impossible for the individual Class members to obtain effective relief from Defendant's misconduct. Even if Class members could mount such individual litigation, it would still not be preferable to a class action, because individual litigation would increase the delay and expense to all parties due to the complex legal and factual controversies presented in this Complaint. By contrast, a class action presents far fewer management

difficulties and provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single Court. Economies of time, effort and expense will be enhanced, and uniformity of decisions ensured.

**COUNT I**
**TRUTH IN LENDING ACT**
**(On Behalf of Plaintiff and the Class)**

50.     Plaintiff incorporates paragraphs 1–49 as if fully set forth herein.

51.     Defendant is a creditor under TILA as Dr. Magno is in the business of regularly obtaining credit for consumers in the process of selling dental services.

52.     Plaintiff sought dental work from Dr. Magno including a bridge.

53.     Dr. Magno obtained a loan in Plaintiff's name but directed the loan proceeds to herself personally, instead of Plaintiff, and failed to provide any loan disclosures or an accounting to Plaintiff.

54.     Defendant's violations of TILA included, but were not limited to, failing to properly disclose the amount financed; the finance charges (contradicting the disclosure that Plaintiff would not have to pay a $716.06 finance fee); the annual percentage rate, and the total of the payments, as alleged above.

55.     Defendant's errors were willful.

56.     As a result of the above violations of TILA, Defendant is liable to Plaintiff for declaratory judgment that Defendant's conduct violated the TILA, and are liable for the Plaintiff's actual damages, statutory penalties, costs and attorney's fees.

57.     WHEREFORE, Plaintiff prays for judgment as set forth below.

**COUNT II**
**CONVERSION**
**(On Behalf of Plaintiff and the Class)**

58.     Plaintiff incorporates paragraphs 1–57 as if fully set forth herein.

59.     Defendant obtained and/or issued two $14,000 loans totaling $28,000 in Plaintiff's name without making the required disclosures.

60.     Plaintiff never received any of the funds. Instead, they were sent directly to Dr. Magno and controlled by her.

61.     Dr. Magno failed to build Ms. Noriega a bridge as promised.

62. Ms. Noriega complained, and one of the loans for $14,000 was refunded.

63. Upon her lawyer's complaint, Dr. Magno refunded an additional $8,000 (not to Plaintiff, but to Lending Club). However, Dr. Magno still wrongfully retains the balance under her control.

64. Despite Plaintiff's demands for restitution, Defendant has failed and refused to return the remaining balance of approximately $6,000 that Plaintiff is still forced to make payments on.

65. Defendant's conduct is willful, oppressive, wanton and oppressive, entitling Plaintiff to punitive damages, in an amount sufficient to deter Defendant from such future misconduct.

66. WHEREFORE, Plaintiff prays for judgment as set forth below.

### COUNT III
### FRAUD
### (On Behalf of Plaintiff and the Class)

67. Plaintiff incorporates paragraphs 1–66 as if fully set forth herein.

68. Dr. Magno represented that Plaintiff could apply for a personal loan that would pay for a bridge. Dr. Magno concealed that she would control the funds obtained and that she could not successfully perform the required dental work.

69. Ms. Noriega relied on these misrepresentations and concealments to her detriment.

70. Dr. Magno never gave the loan proceeds to Plaintiff or performed the promised dental services. Dr. Magno cancelled her appointment.

71. Based on these misrepresentations, Plaintiff incurred damages.

72. Plaintiff was still charged $6,000 and is required to make monthly payments on a balance of $6,000 at 11.99% APY.

73. Despite Plaintiff's demands for restitution, Defendant has failed and refused to return Plaintiff's $6,000.00.

74. Plaintiff would have never agreed to apply for a loan for dental services if Plaintiff had known that she would not receive the personal loan proceeds, the dental work would be faulty, and she would end up owing $6,000 without enjoying the benefits of the dental work.

75. Defendant's conduct was willful, wanton and oppressive entitling Plaintiff to punitive damages, in an amount sufficient to deter Defendant from future misconduct.

76. WHEREFORE, Plaintiff prays for judgment as set forth below.

**COUNT IV**
**Violation of Cal. Civ. Code § 1770(a)(5), (7), and (9)**
**CONSUMER LEGAL REMEDIES ACT ("CLRA")**
**(on Behalf of Plaintiff and the Class)**

77. Plaintiff incorporates paragraphs 1–76 as if fully set forth herein.

78. The CLRA prohibits a specific list of twenty-seven deceptive business practices.

79. Cal. Civ. Code § 1770(a)(5) of the CLRA prohibits representing that goods or services have sponsorship, approval, characteristics, ingredients, uses, benefits, or quantities that they do not have or that a person has a sponsorship, approval, status, affiliation, or connection that the person does not have.

80. Cal. Civ. Code § 1770(a)(7) of the CLRA prohibits representing that goods or services are of a particular standard, quality, or grade, or that goods are of a particular style or model, if they are of another.

81. Cal. Civ. Code § 1770(a)(9) of the CLRA prohibits advertising goods or services with intent not to sell them as advertised.

82. Dr. Magno violated these provisions by selling Plaintiff a personal loan to pay for dental services, yet Dr. Magno failed to make the required disclosures, and then wrongfully controlled the funds that should have been transmitted to Plaintiff. She also failed to perform the promised dental services and cancelled Plaintiff's appointments.

83. As a result of these violation, Plaintiff has incurred costs and fees in an unknown amount (only under Dr. Magno's control) and she still owes $6,000 to Lending Club. Plaintiff diligently makes the required monthly payments for fear of any damage to her credit report.

84. Under Cal Civ. Code § 1781(a), any consumer who suffers damage as a result of a violation of this section may bring a class action on behalf of himself and all those similarly situated.

85. On August 23, 2021, pursuant to Cal. Civ. Code § 1781(a)(1) and (2), Plaintiff caused to be delivered notice of the violation and demand for correction to Dr. Magno via certified mail, return receipt requested, via USPS reference number 9414811898765800879256.

86. Plaintiff has no adequate remedy at law because she currently must keep paying the monthly charges on her Lending Club account at the risk of having her credit profile damaged.

87. WHEREFORE, Plaintiff prays for judgment as set forth below.

## COUNT V
## NEGLIGENCE
## BREACH OF PROFESSIONAL RESPONSIBILITY
### (On Behalf of Plaintiff)

88. Plaintiff incorporates paragraphs 1–87 as if fully set forth herein.

89. Defendant owed Plaintiff a duty to provide reasonable dental care in building a bridge.

90. Dr. Magno breached her duties to Plaintiff by the negligent treatment, actions and omissions set forth in this complaint. Dr. Magno failed to perform adequate dental services and then cancelled Ms. Noriega's appointments.

91. As a direct and proximate result of Dr. Magno's breaches of duties, Plaintiff has been damaged.

92. WHEREFORE, Plaintiff prays for judgment as set forth below.

## COUNT VI
## BREACH OF FIDUCIARY DUTY
### (on Behalf of Plaintiff and the Class)

93. Plaintiff incorporates paragraphs 1–92 as if fully set forth herein

94. Dr. Magno took possession of the loan proceeds that should have been issued directly to Plaintiff and the class. Because she administered Plaintiff's funds, and because of the trust and confidence placed in her, defendant owed Plaintiff and the class a duty of loyalty, fidelity and honor, and occupied a fiduciary position.

95. However, Defendant breached those fiduciary duties by her actions and omissions set forth above.

96. As a proximate result of Dr. Magno's actions, Plaintiff and the class have been damaged.

97. In performing these acts, Dr. Magno acted with recklessness, oppression, fraud and/or malice entitling Plaintiff to exemplary damages in an amount which will be proven at trial.

## COUNT VII
## ACCOUNTING
### (on Behalf of Plaintiff and the Class)

98. Plaintiff incorporates paragraphs 1–97 as if fully set forth herein

99. By virtue of the relationship between defendant and Plaintiff and the class and because of the trust and confidence placed in defendant, Defendant owed Plaintiff and the class a duty of loyalty, fidelity and honor and occupied a fiduciary position.

100. Defendant breached those fiduciary duties by their actions and omissions set forth above.

101. Dr. Magno obtained a loan in Plaintiff's name but wrongfully controlled the proceeds herself and never attempted to provide an accounting.

102. There currently exists unsettled accounts, including moneys misappropriated and/or concealed by Defendant, which can only be determined by an accounting.

103. Dr. Magno is under a duty to provide a complete and accurate accounting of the moneys she controlled.

104. Because Defendant is in sole possession of the financial information relating to her misappropriation of said moneys, Plaintiff is unable to ascertain the true status of the books and records relating to the loan proceeds.

105. Plaintiff demands a full accounting of unsettled accounts.

106. WHEREFORE, Plaintiff prays for judgment as set forth below

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff, individually and on behalf of the Class defined above, pray for the following relief:

A. An order certifying the Class as defined above, appointing Plaintiff as the representative of the Class, and appointing Plaintiff's counsel as Class Counsel;

B. An order declaring that Defendant's actions, as set out above, violate the Truth in Lending Act, 15 U.S.C. § 1640, Cal. Civ. Code § 1770(a)(5), (7), and (9) of the California Consumers Legal Remedies Act, Fraud, Conversion, Negligence, and Breach of Fiduciary Duty;

C. An order awarding an accounting, restitution, unjust enrichment, declaratory relief, other equitable relief, and damages to Plaintiff and the Class, including punitive damages;

  D. An award of reasonable attorney's fees and costs pursuant to 15 U.S.C.S. § 1640(a)(3), Cal. Civ. Proc. Code § 1021.5, and Cal. Civ. Code § 1780(e).

  E. Such other and further relief that the Court deems reasonable and just.

## JURY DEMAND

Plaintiff requests a trial by jury of all claims that can be so tried.

Dated: September 27, 2021   Respectfully submitted,

           By: */s/ Mark L. Javitch*
           Mark L. Javitch (California SBN 323729)
           JAVITCH LAW OFFICE
           480 S. Ellsworth Ave
           San Mateo CA 94401
           Telephone: (650) 781-8000
           Facsimile: (650) 648-0705
           *mark@javitchlawoffice.com*

           *Attorneys for Plaintiff and the Putative Class*