IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BETTY NORIEGA,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>ROSE MAGNO, DDS, an individual, d/b/a EMERYVILLE DENTAL CARE<br><br>　　　　Defendant. | Case No. 21-cv-07528-MMC<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS; DENYING AS MOOT DEFENDANT'S MOTION TO STRIKE CLASS ALLEGATIONS; DISMISSING COMPLAINT WITH LEAVE TO AMEND; VACATING HEARING** |

Before the Court are two motions filed by defendant Rose Magno, DDS: (1) "Motion to Dismiss Class Action Complaint," filed December 6, 2021; and (2) "Motion to Strike Class Allegations," also filed December 6, 2021  The motions have been fully briefed.  Having read and considered the papers filed in support of and in opposition to the motions, the Court deems the matters appropriate for determination on the parties' respective written submissions, VACATES the hearing scheduled for December 14, 2022, and rules as follows:

　　1.  To the extent defendant seeks dismissal of Count I, by which plaintiff Betty Noriega asserts a claim under the Truth in Lending Act ("TILA"), the motion to dismiss is hereby GRANTED for the reasons stated by defendant.  (See Def.'s Mot. at 13:7.5 – 8:23.)  Specifically, plaintiff fails to allege facts to support her conclusory assertion that defendant is a "creditor."  See 15 U.S.C. § 1640(a) (providing only "creditor" can be liable for violation of TILA); 15 U.S.C. § 1602(g) (defining "creditor"); Robey-Harcourt v. Bencorp Financial Co., 212 F. Supp. 2d 1332, 1334 (W.D. Okla. 2002) (holding "creditor," for purposes of TILA, does not include "arranger of credit").

　　2.  The Court's jurisdiction over the remaining Counts, specifically, Counts II

through VII, is supplemental in nature.  (See Compl. ¶ 11.)  Where, as here, a court has dismissed the sole claim over which it has original jurisdiction, it may decline to exercise supplemental jurisdiction over the remaining claims.  See 28 § 1367(c)(3). In this instance, given the early stage of the proceedings, the Court finds it appropriate to decline to exercise supplemental jurisdiction, and, accordingly, hereby DISMISSES Count II through VII without prejudice to filing in state court.

3. In light of the dismissal of all claims in the Complaint, defendant's motion to strike the class allegations is hereby DENIED as moot.

4. If plaintiff wishes to file a First Amended Complaint, she shall do so no later than January 31, 2022.

**IT IS SO ORDERED.**

Dated: January 7, 2022

MAXINE M. CHESNEY
United States District Judge